## Commonwealth ex rel. Snyder, District Attorney, v. Baker.

*R. A. Freiler*, for petitioner; *C. M. Palmer*, for defendant.

KOCH, P. J., March 3, 1930.—According to the suggestion of the district attorney, the respondent has been a councilman in the Borough of Saint Clair since the first Monday of January, 1928, and has been the President of the Council since the first Monday of January, 1930. In June, July and August, 1929, it is averred that the respondent hired himself to perform certain labor to and for the use of the borough, for which labor the borough had contracted

with one John T. Slattery. The contract concerned the paving of Nicholas Street, and Baker was paid by Slattery for labor performed by him in that work under said contract.

The respondent has moved to quash the proceeding on the ground of laches, because the alleged work in which Baker was interested was concluded in August, 1929, whereas the writ in this case was not applied for until Jan. 22, 1930. The respondent relies upon Com. ex rel. v. Bala & Bryn Mawr Turnpike Co., 153 Pa. 47, which holds that laches may be imputed to the Commonwealth as well as to an individual. In that case an amendment to the charter of the turnpike company was made by a Court of Common Pleas, and the decree was unappealed from. The company thereafter proceeded in good faith and without warning and expended a large amount of money in extending its road pursuant to its amended charter. No move was made by the Commonwealth until five years after the charter had been amended, whereas here but a few months have elapsed. Besides, in that case the *quo warranto* aimed at the destruction of the defendants' property, while here the right of the respondent to continue longer in the office is put into question, because of his alleged interest in a contract with the borough in which he serves as a councilman.

Our statutes respecting *quo warranto* proceedings contain no provision respecting the time within which such proceedings must be started, and we do not think enough time has elapsed to bar this case on the ground stated in support of the motion.

The motion to quash is dismissed and the respondent is allowed one week within which to file his answer.

From M. M. Burke, Shenandoah, Pa.